UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MICHAEL WEST, # 585320,                  §
                                         §
              Plaintiff,                  §
                                         §
v.                                       §
                                         §
                                         §    SA-26-CV-03971-FB
JOHN DOE,                                §
                                         §
              Defendant.                  §
                                         §

## ORDER OF DISMISSAL

Before the Court are *pro se* Plaintiff Michael West's 42 U.S.C. § 1983 Civil Rights Complaint and Application to Proceed *in Forma Pauperis* ("IFP"). (ECF Nos. 1, 2). Upon consideration, West's request to proceed IFP is **DENIED**, and his Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to the three–strikes rule of 28 U.S.C. § 1915(g). (ECF Nos. 1, 2); *see* 28 U.S.C. § 1915(g).

### APPLICABLE LAW

Under the Prison Litigation Reform Act, a prisoner cannot bring a new civil action or appeal a judgment in a civil action IFP if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this is if the prisoner is in "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g).

To meet the imminent danger requirement, "the 'threat or prison condition [must be] real and proximate.'" *Turner v. S. Health Partners*, No. 14-CV-1667-B, 2014 WL 2940580, at *1 (N.D. Tex. June 27, 2014) (*citing Valdez v. Bush*, No. 08-CV-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (internal citation omitted)). Because § 1915(g) requires a showing of

"imminent" danger, allegations of past harm do not suffice; the harm alleged must be about to occur or occurring at the time the complaint is filed. *Id.* Further, Section 1915(g) requires that a prisoner allege specific facts showing he is under imminent danger of serious physical injury. *Turner*, 2014 WL 2940580, at *1 (*citing Valdez*, 2008 WL 4710808, at *1). Therefore, "general allegations not grounded in specific facts indicating serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Miller v. Univ. of Tex. Med. Branch*, No. 16-CV-436, 2016 WL 3267346, at *2 (E.D. Tex. Jun. 15, 2016) (citations omitted).

A prisoner who is not proceeding IFP may file a new civil action or appeal even if that prisoner has three or more dismissals described in Section 1915(g). Regardless of whether a prisoner proceeds IFP in a civil case, if at any time the prisoner's case is dismissed as frivolous or malicious or for failure to state a claim, the dismissal will count against the prisoner for purposes of the three–strikes dismissal rule.

**APPLICATION**

While incarcerated, West has filed three civil actions that have been dismissed as frivolous, for failure to state a claim upon which relief may be granted, and/or for seeking relief from an immune defendant. *See West v. Putman, et al.,* No. 2:18-CV-071 (S.D. Tex. Sept. 4, 2018); *West v. Selzler, et al.*, No. 2:20-CV-038 (S.D. Tex. May 11, 2020); and *West v. Ruiz, et al.,* No. 2:20-CV-175 (S.D. Tex. December 15, 2020). Therefore, pursuant to the three–strikes rule, West may not file another civil action IFP while incarcerated unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff's complaint does not meet that standard.

West is currently confined at the Hughes Unit in Gatesville, Texas. (ECF No. 1). However, he complains that on July 3, 2024, while housed at the Connally Unit in Kenedy,

2

Texas, he was denied medical care after falling and injuring his back as a result of being "gassed." (*Id.* at 6). His allegations regarding an injury that occurred almost two years ago do not suffice to state a claim pursuant to § 1915(g) which requires a showing of "imminent" danger. *Turner*, 2014 WL 2940580, at *1 (*citing Valdez*, 2008 WL 4710808, at *1). Further, West does not otherwise allege facts indicating he is in imminent danger of serious physical injury. *See Miller*, 2016 WL 3267346, at *2.

Because West has failed to show a real and proximate threat or allege specific facts demonstrating he is in imminent danger of serious physical injury, the Court finds he has failed to meet the requirements necessary to avoid application of the three–strikes rule. *See* 28 U.S.C. § 1915(g).

## CONCLUSION

West has filed three civil actions that have been dismissed as frivolous, for failure to state a claim upon which relief may be granted, and/or for seeking relief against an immune defendant and has failed to establish he is in "imminent danger of serious physical injury"; therefore, his Complaint is subject to dismissal. West may only proceed with this action if he pays the full filing fee contemporaneously with the filing of a timely motion to reinstate within thirty (30) days of the date of this order.

**IT IS THEREFORE ORDERED** that West's request to proceed IFP is **DENIED** (ECF No. 2) and his 42 U.S.C. § 1983 Civil Rights Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** pursuant to the three–strikes dismissal rule of 28 U.S.C. § 1915(g).

West is warned that if he continues to file frivolous lawsuits, further sanctions, including a fine, will be imposed.

**IT IS SO ORDERED**.

**SIGNED** this 30th day of June, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE